JORDÁN *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property ·of Caguas.

No. 97.—Decided June 20, 1911.

PARTITION OF INHERITANCE—APPOINTMENT OF DEFENSOR.—The appointment of a defensor is proper only ,when the unemancipated minor has an interest in some matter really in conflict with that of the father or the mother.

The facts are stated in the opinion.

*Mr. Rafael Arce* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a decision of the Registrar of Property of Caguas. A deed of partition of inheritance, numbered 50, executed on March 27, 1911, before Notary Arce Rollet by Josefa Jordán González and Anselma Ayuso, the latter as the legal representative of her minor children, Julio and Sara Jordán Ayuso, was presented for record in the registry, and the registrar refused to record it for the reasons stated in the following decision:

"Admission of the foregoing document to record is denied on account of the following incurable defects: 1. Because in said deed of partition Ponciano Jordán Torres is adjudicated a one-fourth interest in a house which Ramón Jordán González inherited from his mother, Elvira González Serrano. Such adjudication is made on the ground that Ramón Jordán González died on December 23, 1898, leaving no succession or heirs except his father, Ponciano Jor-

dán Torres; but, as may be observed, Ramón Jordán González having died after his mother, Elvira González Serrano, said interest should be recorded in the name of the deceased, Ramón Jordán González, before it is recorded in the name of his heir, namely, his father, Ponciano Jordán Torres, as provided by article 20 of the Mortgage Law in force, by article 85 of the Regulations for the execution of said law, and by the decision of the Directorate of Registries and Notaries of November 26, 1875, because it is impossible to merge the estates of Elvira González Serrano and of Ramón Jordán González; and 2. Because Anselma Ayuso acquiesced in said partition as the testate heir of the inheritance of her husband from his son, Ramón Jordán González, and in the liquidation of the ganancial property of the wife of Ponciano Jordán Torres, Elvira González Serrano, and she could not, therefore, represent her children, Julio Marcial and Sara Jordán Ayuso, who are still under her *patria potestas,* in such partition, because their interests and her own in the inheritance were conflicting. For this reason said minors should be represented by a defensor, as provided by section 230 of the Civil Code. In view of other documents before me, a cautionary notice effective for 120 days was entered on page 96, over, of volume 13 of this municipality, property No. 669, "entry letter A, with the curable defect that from the proper evidence it does not appear that the declaration of heirs of Elvira González Serrano and Ramón Jordán González is final, and that no appeal has been taken therefrom. Caguas, P. R., April 12, 1911. S. Abella Bastón, Registrar.''

From the record it appears:

First. That Elvira González Serrano, wife of Ponciano Jordán Torres, died in Caguas on September 2, 1894, without leaving a will.

Second. That on March 7, 1911, the District Court of Humacao declared Ramón and Josefa Jordán González legitimate children of Elvira, her intestate heirs.

Third. That Ramón Jordán González died in Caguas on December 23, 1898, without leaving a will.

Fourth. That in the decision of March 7, 1911, referred to in paragraph 2, the District Court of Humacao declared Ponciano Jordán Torres, father of Ramón Jordán González, his heir.

Fifth. That Ponciano Jordán Torres was married the

second time to Anselma Ayuso, and died testate in Caguas on January 31, 1904, designating his widow, Anselmo Ayuso, his daughter by his first marriage, Josefa Jordán González, and the children by his second marriage, Julio Marcial and Sara Jordán Ayuso, as his sole and universal heirs.

Sixth. These antecedents existing, the deed of partition herein referred to was executed by Josefa Jordán González, daughter by the first marirage, of age, and Anselma Ayuso, representing her minor children, Julio Marcial and Sara.

Said partition concerned only an urban property situated in Caguas which was derived from the conjugal partnership of Ponciano Jordán Torres and Elvira González Serrano, and which was apportioned thus:

(*a*) One-half of the community property to the widower, Jordán Torres;

(*b*) One-fourth to the son, Ramón Jordán González, and

(*c*) One-fourth to the daughter, Josefa Jordán González.

The parties to the execution of this instrument also stated that the properties adjudicated to the heir, Ramón Jordán González, who, as already stated, had died, passed by inheritance to his father, Jordán Torres.

The foregoing facts having been set forth, we will now proceed to the examination of the two grounds of the decision of the registrar, which are the following:

First. That the interest awarded to the son, Ramón, cannot be recorded in the name of his father, Jordán Torres, before it has been recorded in the name of said son.

The conclusion of the registrar is correct, as has been admitted by appellant, in view of the provisions of article 20 of the Mortgage Law, but appellant alleges that she made application for both records and, if that was the case, the registrar should have made both entries instead of refusing to make the record in the name of the father.

Second. That a defensor should have been appointed for the minors.

The appellant alleges that there are no conflicting interests between the mother and her children.

Let us examine the facts.

The object was to divide the estate of Elvira González Serrano, which was done. It was not the estate of Jordán Torres which it was desired to divide. In the first case, the interests of the widow do not conflict with those of her children, but on the contrary are of the same nature. Whatever she succeeds in having adjudicated to her husband will accrue to her own and her children's benefit. When the time comes for the partition of the estate of her husband among his testamentary heirs, who, as has already been said, are his widow and his children, then conflicting interests will arise and the appointment of a defensor for the minor children, in accordance with law, will be necessary.

The appeal should therefore be sustained and the registrar directed to admit said deed of partition to record in the manner requested by appellant.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.